# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. <u>CR-19-137-G</u> |
| ) | |
| COLTEN RAY ROGERS, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### MOTION FOR HEARING PURSUANT TO *JACKSON V. DENNO*

The United States of America, through Timothy J. Downing, United States Attorney for the Western District of Oklahoma, by Wilson D. McGarry, Assistant United States Attorney, respectfully submits this response to Defendant Colten Ray Rogers' Motion for Hearing Pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964) (Doc. 38) to determine the voluntariness of statements made by Mr. Rogers to law enforcement on May 30, 2019. Mr. Rogers made his statements after being fully advised of his *Miranda* rights and executing a waiver of those rights. As such, Mr. Rogers' statements were both knowing and voluntary, eliminating the necessity for a hearing. Therefore, the Court should deny Mr. Rogers' motion.

### BACKGROUND

On February 8, 2019, the United States filed a criminal Complaint against Colten Ray Rogers charging him with illegally possessing a machine gun in violation of 18 U.S.C.

§ 922(o). Doc. 1. On May 7, 2017, a federal grand jury sitting in the Western District of Oklahoma returned a one count indictment charging Mr. Rogers with illegally possessing a machine gun in violation of 18 U.S.C. § 922(o). Doc. 5. On November 6, 2019, a federal grand jury sitting in the Western District of Oklahoma returned a two count superseding indictment charging Mr. Rogers with his illegal possession of a machine gun in violation of 18 U.S.C. § 922(o) and with his May 30, 2019 illegal possession of an unregistered firearm, namely, a firearms silencer, in violation of 26 U.S.C. § 5861. Doc. 39.

On May 30, 2019, federal agents, including Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents Chad Oubre and Corey Wells, located Mr. Rogers at 416 N. Glade Dr., Oklahoma City, Oklahoma, and arrested him pursuant to a federal arrest warrant. Doc. 7. The arrest and Mr. Rogers' conversation with Agent Oubre were audio recorded. *See* Exhibit 1, *Audio Recorded Arrest of Colten Rogers*.

When law enforcement located Mr. Rogers at 416 N. Glade Dr., Mr. Rogers was immediately placed under arrest and patted down to make sure he did not have any weapons on him. Agent Oubre explained to Mr. Rogers why he was being arrested and then escorted Mr. Rogers to his vehicle. Agent Oubre explained the process of the arrest and that agents wanted to talk to Mr. Rogers. However, Agent Oubre told Mr. Rogers that before they could talk that Mr. Rogers needed to be advised of his rights. Ex. 1 (*Audio Recording of Rogers' May 30th Arrest and Interview*), at 4:42-5:05.

Agent Oubre provided Mr. Rogers with a copy of the ATF Advice of Rights and Waiver form. Exhibit 2, (*ATF Advice of Rights and Waiver*). The ATF Advice of Rights and Waiver is comprised of two sections. The first section sets forth the Statement of

Rights. Ex. 2. It provides "You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer before we ask you any questions and to have a lawyer with you during questioning. If you cannot afford a lawyer, one will be appointed for you if you wish before any questioning begins. If you decide to answer any questions now without a lawyer present, you have the right to stop answering at any time." On the form, each sentence of these *Miranda* rights are separated by bullet points. *Id.* Thus, the form plainly and clearly advising an arrestee of his or her *Miranda* rights.

Immediately below the Statement of Rights section is the Waiver section of the ATF Advice of Rights and Waiver form. Ex. 2. That sections states "I have read this statement of my rights or it has been read to me, and I understand these rights. At this time I am willing to answer questions without a lawyer present. No promises or threats have been made to me, and no pressure or force of any kind has been used against me." *Id.* Below the Waiver section are signature lines for the arrestee and a witness. *Id.*

Agent Oubre told Mr. Rogers that he needed to read the form and that it advised him of his rights. Ex. 1, at 5:26-5:57. After allowing some time for Mr. Rogers to review the ATF Advice of Rights and Waiver, Agent Oubre asked Mr. Rogers if he understood the form. *Id.* at 6:12-6:16. In fact, Agent Oubre asked Mr. Rogers several times whether he understood the form. Mr. Rogers verbally indicated that he read the form and understood it. *Id.* at 6:16-6:29. In Agent Oubre's presence, Mr. Rogers signed the ATF Advice of Rights and Waiver. Ex. 2. Thereafter, Agent Oubre and Mr. Rogers began talking about

Mr. Rogers' possession of Glock conversion switches, which also ultimately led to the discovery of a firearms silencer.

## ANALYSIS

Mr. Rogers' statements are admissible because he was advised of his *Miranda* rights and knowingly waived those rights prior to making incriminating statements. Mr. Rogers made these statements after he was taken into custody by law enforcement officers; accordingly, the Court must analyze the admissibility of his statements pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). *See United States v. Chee*, 514 F.3d 1106, 1112 (10th Cir. 2008) ("[A]ny confession obtained during a 'custodial interrogation' may not be used by the prosecution against the defendant unless the prosecution demonstrates the use of procedural safeguards effective to secure the Fifth Amendment privilege against self-incrimination.").

Before a custodial interrogation, law enforcement officers must advise the suspect of four specific rights:

> [1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

*Florida v. Powell,* 559 U.S. 50, 59–60 (2010). When a defendant knowingly and voluntarily waives these rights absent intimidation, coercion, or deception, her statements are admissible. *See United States v. Cash*, 733 F.3d 1264, 1279–80 (10th Cir. 2013).

As the proponent of its admissibility, the government bears the burden of establishing by a preponderance of the evidence that a voluntary waiver occurred. *See*

*Colorado v. Connelly*, 479 U.S. 157, 168–69 (1986); *see also United States v. Lopez*, 437 F.3d 1059, 1062 (10th Cir. 2006). The Court must consider the totality of the circumstances to determine whether a defendant's waiver was voluntary. *Moran v. Burbine*, 475 U.S. 412, 421 (1986); *United States v. Hernandez*, 93 F.3d 1493, 1051 (10th Cir. 1996).

In this case, ATF Special Agent Oubre provided Mr. Rogers with a written advisement of his rights which set forth each of the required *Miranda* elements. Ex. 2. As the audio recording demonstrates, Agent Oubre asked Mr. Rogers several times whether he read and understood the written advisement and Mr. Rogers verbally indicated that he understood it. Ex. 1, at 5:26-6:29. Mr. Rogers then signed the waiver. Ex. 2. That portion reads, "I have read this statement of my rights or it has been read to me, and I understand these rights. At this time I am willing to answer questions without a lawyer present. No promises or threats have been made to me, and no pressure force of any kind has been used against me." Ex. 2.

Given his signed waiver form and verbal statement to Agent Oubre that he read and understood the form, there is no basis to conclude that Mr. Rogers' statements were involuntary. *See United States v. Fountain*, 776 F.2d 878, 886 (10th Cir. 1985) (signing waiver form prior to confession is "usually strong proof of the voluntariness of the waiver" (internal quotation marks omitted)). Indeed, Mr. Rogers has not alleged otherwise.

Moreover, there is no sign of coercion from the circumstances surrounding Mr. Rogers' signing of the form and his subsequent interview—a necessary predicate for finding her confession involuntary. *Connelly*, 479 U.S. at 165–67 (holding that "coercive

police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause"); *see also Cash*, 733 F.3d at 1281 (same). Federal courts look to the following factors to determine if a confession is voluntary:

> (1) the age, intelligence, and education of the defendant; (2) the length of detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subject to physical punishment.

*United States v. Toles*, 297 F.3d 959, 965 (10th Cir. 2002).

At no time was Mr. Rogers coerced nor was his will overborne, thereby rendering his statements involuntary. Mr. Rogers is approximately 32 years old, speaks English, and has earned an Associate's Degree. As such, he is a mature adult who could understand the circumstances. The interview was relatively short (approximately 10 minutes), and from Mr. Rogers' arrest to his transportation to the United States Marshals Service holdover, the entire encounter lasted approximately 40 minutes. Ex. 1 (recording the entire encounter); *United States v. Benally*, 146 F.3d 1232, 1239 (10th Cir. 1998) (holding that the defendant's statements were voluntary, in part, because the interrogation only lasted approximately twenty to thirty minutes); *United States v. Alvarez*, 142 F.3d 1243, 1248 (10th Cir. 1998) (finding a defendant's statement voluntary after a two and a half hour detention).

As the audio recording indicates, the tone and manner of questioning was amicable and conversational. During the questioning only one agent was present and asked Mr. Rogers questions. Mr. Rogers was not subjected to physical punishment. Mr. Rogers does not suggest that he was threatened by law enforcement, nor is there any evidence of such.

In fact, nowhere in his motion does he identify *any* basis for believing that his statement was coerced. *United States v. Carrizales-Toledo*, 454 F.3d 1142 (10th Cir. 2006) (noting that "[t]he essence of voluntariness is whether the government obtained the statements by physical or psychological coercion such that the defendant's will was overborne" (quoting *United States v. Rith*, 164 F.3d 1323, 1333 (10th Cir. 1999) (internal quotation marks omitted)).

Ultimately, based on the totality of the circumstances, Mr. Rogers' statements on May 30, 2019, were made voluntarily. Given this, the government requests that Mr. Rogers' motion for a hearing be denied and that the Court make a pre-trial determination that his Mirandized statements are admissible. Considering the exhibits attached hereto—ATF Advice of Rights and Waiver form and an audio recording of the Mr. Rogers' arrest—the Court has before it sufficient evidence to make a proper determination regarding the voluntariness of Mr. Rogers' statements. Consequently, the government does not believe that an evidentiary hearing is required. Mr. Rogers does not identify any particular fact that would draw into question the voluntariness of his statements. Because he has failed to identify even a single factor suggesting coercion or a lack of voluntariness, the otherwise uncontested facts in this case should satisfy this Court as to Mr. Rogers' knowing and voluntary waiver of his rights, making an evidentiary hearing unnecessary. *See United States v. Scheigert*, 809 F.2d 1532, 1533 (11th Cir. 1987) (observing that a defendant is only entitled to an evidentiary hearing on the voluntariness of his confession if "he can show that his version of events, if true, would require the conclusion that his confession was involuntary; *i.e.*, he must allege *facts* which would, if proven true, indicate the

involuntariness of his confession" (internal quotation marks omitted)); *cf. United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) ("To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." (internal quotation marks omitted)).

## CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court deny Mr. Rogers' motion for a hearing pursuant to *Jackson v. Denno* to determine the voluntariness of Mr. Rogers' statements to law enforcement on May 30, 2019, and make a pretrial determination that his post-*Miranda* statements to law enforcement are admissible at trial.

Respectfully submitted,

TIMOTHY J. DOWNING
United States Attorney


s\WILSON D. McGARRY
Assistant U.S. Attorney
Bar No. 31146
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700(Office)
(405) 553-8888 (Fax)
Wilson.McGarry@usdoj.gov

# **CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: J. Patrick Quillian

                                                s/WILSON D. McGARRY
                                                Assistant U.S. Attorney